UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Michael McCarthy and
Jessica McCarthy

        v.                              Civil No. 16-cv-122-JD
                                        Opinion No. 2013 DNH 133
Waxy's Keene, LLC, et al.


O R D E R


    Michael and Jessica McCarthy bring federal and state claims

against a group of restaurants, where they were formerly

employed, and individuals who are employees or members of the

restaurant companies or related companies.  The defendants move

to dismiss on the grounds that personal jurisdiction is lacking

as to Waxy's Lex, LLC and Waxy's Mass, LLC, that neither "Waxy's

Partnership" nor "Waxy's Pubs" exists, that the McCarthys have

not alleged a viable theory of veil piercing to support the

liability of Mark Rohleder and Ashok Patel, and that the

McCarthys fail to state claims under the Family and Medical

Leave Act ("FMLA") and the Americans with Disabilities Act

("ADA").  The McCarthys object to the motion to dismiss.

Background Summary

Beginning in the summer of 2010, Michael McCarthy worked as a bartender at Waxy's Mass in Foxboro, Massachusetts.  Michael was transferred to the Waxy's restaurant in Keene, New Hampshire, in March of 2011 where he worked as a bartender. Jessica Paciulli, who later became Jessica McCarthy after marrying Michael, was hired as a bartender at Waxy's Keene in March of 2011.  In 2013, Michael and Jessica were appointed as co-general managers of Waxy's Keene.  The McCarthys allege that they were not properly paid for their work.

The McCarthys complained to upper level management about the problems they perceived in their pay.  They allege that management did not address their concerns and instead treated them more harshly and held them to a more demanding standard than other managers.

In the fall, Jessica learned that she was pregnant and informed management that the baby was due in May of 2015. Jessica told Alfred Karnbach, Director of Operations, that she intended to return to work but that she might request a brief leave after the baby was born.  Jessica did request leave, which was granted in early 2015.  Karnbach notified the McCarthys that a new general manager would be hired for Waxy's Keene to replace

2

both Michael and Jessica while Jessica was out on leave.  A new
manager was hired in mid-May.

Michael did bartender work during that time and by July of
2015, Michael was officially demoted to the position of
bartender.  When Jessica attempted to return to work, Karnbach
told her that her position had changed, that she would now be
required to work at night, and then that Waxy's did not need her
any more.  Jessica was terminated on July 2, 2015.

The McCarthys filed charges of discrimination with the
Equal Employment Opportunity Commission ("EEOC") and the New
Hampshire Commission for Human Rights.  Both commissions issued
right-to-sue letters in January of 2016.  The McCarthys also
filed wage claims with the New Hampshire Department of Labor,
which were dismissed without prejudice.

In this suit, the McCarthys assert federal question
jurisdiction based on their federal claims and supplemental
jurisdiction over their state law claims.  They bring claims
that the defendants violated the Fair Labor Standards Act
("FLSA"), the New Hampshire Minimum Wage Law, the Family and
Medical Leave Act ("FMLA"), Title VII of the Civil Rights Act,
the New Hampshire Civil Rights Act, and the Americans with
Disabilities Act ("ADA").

I.  <u>Motion to Dismiss for Lack of Personal Jurisdiction</u>

The defendants move to dismiss the claims against Waxy's Lex, LLC and Waxy's Mass, LLC on the ground that those entities lack sufficient contacts with New Hampshire to support personal jurisdiction.  In response, the plaintiffs argue that personal jurisdiction exists over both entities because they are part of a partnership relationship with Waxy's Keene and have other contacts with Waxy's Keene.

When challenged, the plaintiffs bear the burden of showing that personal jurisdiction exists over the defendants.  Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc., --- F.3d ---, 2016 WL 3147645, at *3 (1st Cir. June 6, 2016).  Because a hearing has not been held on the motion to dismiss for lack of personal jurisdiction, the prima facie standard applies.  United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 618 (1st Cir. 2001).  Under the prima facie standard, a plaintiff will carry his burden if he "proffer[s] evidence which, taken at face value, suffices to show all facts essential to personal jurisdiction."  Baskin-Robbins, 2016 WL 3147645, at *3.  Facts offered by the defendants may be considered only to the extent they are uncontested.  Mass. School of Law v. Am. Bar Ass'n, 142 F.3d 26, 34 (1st Cir. 1998).

4

Personal jurisdiction over defendants in federal question cases depends on meeting the due process requirements of the Fifth Amendment and making service of process under Federal Rule of Civil Procedure 4(k).  United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 618 (1st Cir. 2001).  When, as here, a federal statute does not authorize nationwide service of process,[1] service is effective only if the defendant is subject to jurisdiction in the forum state.  Fed. R. Civ. P. 4(k)(1).  To make that showing, the plaintiffs must establish that the defendants meet the requirements of the forum state's long-arm statute.  Fed. R. Civ. P. 4(k)(1)(A); R & R Auction Co., LLC v. Johnson, 2016 WL 845313, at *3 (D.N.H. Mar. 2, 2016).

New Hampshire Revised Statute Annotated section 510:4, I, the long-arm statute, provides for jurisdiction over persons who are not inhabitants of New Hampshire.  New Hampshire's long-arm statute authorizes the exercise of personal jurisdiction over a non-resident defendant to the extent permissible under the Fourteenth Amendment's due process clause.  N.H. Bank Comm'r for

---

[1]Neither the FLSA, the FMLA, nor the ADA authorize nationwide service of process.  See Wang v. Schroeter, 2011 WL 6148579, at *4, n.12 (D. Mass. Dec. 9, 2011); Cuff v. Trans States Holdings, Inc., 2010 WL 2698299, at *2 (N.D. Ill. July 8, 2010); Karraker v. Rent-A-Ctr., Inc., 239 F. Supp. 2d 828, 839–40 (C.D. Ill. 2003).

Noble Tr. Co. v. Sweeney, 167 N.H. 27, 32 (2014); R & R Auction, 2016 WL 845313, at *3.  Under the due process clause, personal jurisdiction must be based on minimum contacts with the forum state that are either general or specific to the cause of action.  Baskin-Robbins, 2016 WL 3147645, at *4.

    In response to the defendants' motion to dismiss for lack of personal jurisdiction, the McCarthys contend that Waxy's Lex and Waxy's Mass are partners with Waxy's Keene and, therefore, subject to personal jurisdiction based on Waxy's Keene's contacts with New Hampshire and the cause of action.[2] Alternatively, the McCarthys assert that because the different Waxy's entities held themselves out to be partners, they should be estopped from denying their partnership.  The McCarthys also argue that personal jurisdiction exists based on the relationships and interactions by Waxy's Lex and Waxy's Mass with Waxy's Keene.

    The McCarthys provide evidence, for purposes of showing personal jurisdiction, that Waxy's Lex, Waxy's Mass, and Waxy's Keene do business jointly under the name "Waxy O'Connor's Irish Pub & Restaurant."  They state in their affidavits that the

---

[2] They request that in the event the evidence they have provided is insufficient to show a partnership relationship, they should be allowed to conduct discovery on the issues related to partnership.

6

Waxy's entities appeared to operate jointly because they shared
profits and losses to maintain their business operations,
required staff to wear shirts with the logo "Waxy O'Connor's
Irish Pub & Restaurant" paid for by Waxy's Keene, and
transferred money among the entities to cover paychecks.[3]  In
addition, the McCarthys state that although defendants Alfred
Karnbach and Paul McKenna oversaw the operation of Waxy's Keene
and were involved in the actions taken against them, they were
not paid by Waxy's Keene but instead were paid by Waxy's Lex,
Waxy's Mass, or the Partnership.  They also provide evidence
that the management of the Waxy's entities worked together and
that the Waxy's entities bought supplies from the same vendors
to maximize their joint bargaining power.

     The defendants provide some contrary information in their
affidavits, but those statements are contested by the McCarthys'
allegations and affidavits.  For purposes of determining
personal jurisdiction in the prima facie context, only the
defendants' <u>uncontested</u> facts may be considered.  Mass. School
of Law, 142 F.3d at 34.

     As such, the McCarthys have shown an affiliation among the
Waxy's entities to support imputing the actions of Waxy's Keene

---

[3] Because the McCarthys were general managers of Waxy's Keene,
they were in a position to have personal knowledge of the
operations of at least that entity.

to Waxy's Lex and Waxy's Mass for purposes of specific personal jurisdiction.[4]  See Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 54-55 (1st Cir. 2002); see also Jet Wine & Spirits, Inc. v. Bacardi & Co., 298 F.3d 1, 7-8 (1st Cir. 2002) (holding it unnecessary to determine the exact type of relationship among agents and entities).  Specific personal jurisdiction requires that the claim arise from or relate to the defendant's contacts with the forum state, that the contacts show the defendant's purposeful availment of conducting activities in the forum state, and that the exercise of jurisdiction would be reasonable.  Baskin-Robbins, 2016 WL 3147645, at *4.  Waxy's Keene is located in Keene, New Hampshire, and is the restaurant where the actions that form the basis of this complaint occurred.  The defendants do not dispute that Waxy's Keene, Karnbach, and McKenna have sufficient minimum contacts with New Hampshire to support specific personal jurisdiction.

II.  Motion to Dismiss

The defendants move to dismiss claims against Waxy's Partnership and Waxy's Pubs on the ground that neither entity

---

[4] That affiliation is shown for purposes of personal jurisdiction only and is not necessarily sufficient to show a partnership for purposes of liability.

exists.  They move to dismiss the claims against Mark Rohleder
and Ashok Patel to the extent they are based on a theory of veil
piercing and move to dismiss the claims under the FMLA and the
ADA.  The McCarthys object, contending they have alleged
sufficient facts to show that Waxy's Partnership exists, to show
that Rohleder and Patel should be held liable under a veil-
piercing theory, and to state claims under the FMLA and the ADA.

Standard of Review

A motion to dismiss for failure to state a claim is
governed by Federal Rule of Civil Procedure 12(b)(6).[5]  In
considering a motion under Rule 12(b)(6), the court assumes the
truth of the properly pleaded facts and takes all reasonable
inferences from those facts that support the plaintiff's claims.
Mulero-Carrillo v. Roman-Hernandez, 790 F.3d 99, 104 (1st Cir.
2015).  Based on the properly pleaded facts, the court
determines whether the plaintiff has stated "a claim to relief
that is plausible on its face." Bell Atl. Corp. v. Twombly, 550
U.S. 544, 570 (2007).

---

[5] The defendants filed their answer at the same time as their
motion to dismiss.  Because the standard is the same for a
motion under Federal Rule of Civil Procedure 12(c), it is not
necessary in this case to determine which rule applies.

A. <u>Waxy's Partnership and Waxy's Pubs</u>

The defendants move to dismiss all claims against Waxy's Partnership and Waxy's Pubs on the ground that neither is a legal entity subject to suit.  The McCarthys do not name Waxy's Pubs as a defendant and do not argue that any such entity exists.  Whether Waxy's Partnership exists as an entity subject to suit depends on facts beyond the scope of a motion to dismiss.  The defendants may challenge the existence of the partnership, if appropriate, in a motion for summary judgment.

B. <u>Veil Piercing</u>

In the complaint, the McCarthys allege that Waxy's Keene is a limited liability <u>company</u>.  The McCarthys allege claims against Ashok Patel and Mark Rohleder based on a theory that Patel and Rohleder ignored the separation of the company by intermingling their own funds with company funds.  The defendants move to dismiss, asserting that Waxy's Keene is a limited liability <u>corporation</u> and contending that the allegations in the complaint are conclusory and insufficient to state a claim under a veil-piercing theory.[6]

---

[6] The defendants did not dispute the designation of Waxy's Keene as a limited liability <u>company</u> in their answer to the complaint.  Instead, they admitted that description of Waxy's Keene.  Therefore, for purposes of the present motion, it is assumed that Waxy's Keene is a limited liability <u>company</u>.  The defendants do not appear to argue that the veil-piercing

10

"Under New Hampshire law, corporate owners are not '[o]rdinarily' liable for corporate debts."[7]  See Martinez v. Petrenko, 792 F.3d 173, 181(1st Cir. 2015) (quoting Mbahaba, 162 N.H. at 568).  To state a claim based on a veil-piercing theory, plaintiffs must allege facts that show the defendant "'suppress[ed] the fact of incorporation, mis[led] his creditors as to the corporate assets, or otherwise use[d] the corporate entity to promote injustice or fraud.'"  Martinez, 792 F.3d at 181 (quoting Druding v. Allen, 122 N.H. 823, 827 (1982)).  When those actions occur, the court will disregard the corporate or separate legal entity of a company and treat the individual as an alter ego of the company.  Norwood Gr., Inc. v. Phillips, 149 N.H. 722, 724 (2003).

The McCarthys allege only that Patel and Rohleder intermingled their personal funds with Waxy's Keene so that the separate corporate entity should be disregarded and they should be held liable for the violations of federal and state law by Waxy's Keene.  They do not allege that Patel and Rohlder took any actions that promoted injustice or fraud by intermingling

---

doctrine does not apply to limited liability companies, and the court assumes that it may apply in appropriate circumstances. See Mbahaba v. Morgan, 163 N.H. 561, 568 (2012).

[7] Although Waxy's Keene is a company not a corporation, the court uses the corporate language that generally applies in the context of veil piercing.  Martinez, 792 F.3d at 181 n.6.

funds.  Therefore, the McCarthys do not allege claims against
Patel and Rohleder based on a veil-piercing theory.

    C.   <u>FMLA</u>

The defendants move to dismiss the claims under the FMLA on
the ground that Waxy's Keene does not have enough employees to
be subject to liability.  See 29 U.S.C. § 2611(2)(A).  The
defendants further contend that the "integrated employer" test
does not apply, based on the assertion that Waxy's Keene is a
separate entity from the other Waxy's enterprises.  The
McCarthys contend that the relationship among the Waxy's
entities meets the integrated employer test.

The issue of whether Waxy's Keene is subject to
consolidation with other Waxy's entities for purposes of the
integrated employer test requires factual development through
discovery and may be challenged, if appropriate, by a motion for
summary judgment.

    D.   <u>ADA</u>

The defendants challenge the McCarthys' ADA claim on the
ground that pregnancy is not a disability for purposes of the
ADA and that the complaint lacks sufficient allegations of
pregnancy complications to support the claim.  See Lang v. Wal-
Mart Stores East, L.P., 2015 WL 1523094, at *2 (D.N.H. Apr. 3,

2015).  The McCarthys' allegations of pregnancy-related complications are minimal but, nevertheless, are just enough to raise the issue and avoid dismissal.  If appropriate, this issue too may be addressed in a motion for summary judgment.

### Conclusion

For the foregoing reasons, the defendants' motion to dismiss (document no. 7) is granted as to all claims against Ashok Patel and Mark Rohleder that are based on a veil-piercing theory and is otherwise denied.

SO ORDERED.

Joseph DiClerico, Jr.
United States District Judge

August 10, 2016

cc:  Jeremy David Eggleton, Esq.
     Benjamin J. Wyatt, Esq.